WATSON, Judge.
The plaintiff law firm recorded its lien for legal services in a succession and a tutorship using the deceased’s name as “Lee Alice Harrington Pere”, “Pere” being the surname of her husband. As against the defendants’ objection that the lien should have been recorded in the name of “Lee Alice Harrington”, the trial court held that the recordation was sufficient to put third parties on notice and recognized the lien.
Defendants have appealed.
The plaintiff law firm of Pugh, Buatt, Landry & Pugh performed certain legal services in the Succession of Lee Alice Harrington Pere and the Tutorship of Shelly Elizabeth Pere. Mrs. Pere, the deceased, was the wife of Joseph B. Pere and her maiden name was Lee Alice Harrington.
Defendants, Joseph Maxie Pierce and Walter Theall, purchased property against which the lien was recorded and the plaintiff firm sued to enforce the lien. The defendants contend in their answer and on appeal that the lien was not properly filed under the “legal” name of decedent and was not sufficient to apprise defendants of its existence.
Defendants contend that the issue is the legal name of a married woman in Louisiana. We find the decisive issue to be whether the recorded lien was sufficient to place third parties on notice.
The law concerning recordation is as follows:
LSA-C.C. art. 3273:
“Art. 3273. Privileges are valid against third persons, from the date of the recording of the act or evidence of indebtedness as provided by law.”
LSA-C.C. art. 3274:
“Art. 3274. No privilege shall have effect against third persons, unless recorded in the manner required by law in the parish where the property to be affected is situated. It shall confer no preference on the creditor who holds it, over creditors who have acquired a mortgage, unless the act or other evidence of the debt is recorded within seven days from the date of the act or obligation of indebtedness. When the registry is required to be made in the parish where the act was *275 passed or the indebtedness originated and within fifteen days, if the registry is required to be made in any other parish of this State. It shall, however, have effect against all parties from date of registry.”
LSA-R.S. 9:5141:
“All acts or instruments of writing which import mortgage or privilege, when filed for record with the recorder of mortgages, shall be immediately indorsed by him with the date, hour, and minute of filing which indorsement shall be recorded with the registry of the instrument.
“All such instruments shall be effective against all persons from the time of their filing.”
No legislation or jurisprudence has been cited as to what name a lien must bear; no authority has been presented to support a contention that only one method of name identification of a married woman is permitted in recordation of a lien.
The leading cases concerning the name of a married woman in Louisiana are Succession of Kneipp, 172 La. 411, 134 So. 376 (1931) and Wilty v. Jefferson Parish Democratic Executive Com., 245 La. 145, 157 So.2d 718 (1963). Kneipp says that a woman’s legal name is her maiden name but that she may use her husband’s name as a matter of custom. Wilty indicates that the husband’s surname is the wife’s legal name, but the decision in Wilty does not turn on the legal name issue. (See concurring opinion by now Chief Justice Sanders which notes, as does Kneipp, that the use of the husband’s name is not a matter of law but of custom.)
Thus, the Kneipp or Wilty cases establish, at least, that it is a recognized custom in Louisiana for the wife to use the husband’s name. Therefore, the recordation of the lien in the maiden name or using the husband’s name would be permissible. Defendants’ contention that recordation under the husband’s surname invalidates the lien is without merit.
The recordation was sufficient clearly to place third parties on notice and the lien, we conclude as did the district court, is valid. Therefore, we affirm the judgment of the trial court.
All costs are taxed against defendants-appellants.
AFFIRMED.
DOMENGEAUX, J., concurs and assigns reasons.